Filed 10/31/23  P. v. Tellez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RUBEN RAMIREZ TELLEZ,<br><br>    Defendant and Appellant. | G062290<br><br>(Super. Ct. No. 17CF2601)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheri T. Pham, Judge.  Reversed and remanded.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Ruben Ramirez Tellez appeals from the trial court's judgment after it resentenced him. Tellez argues the court erred by imposing the upper term on the deadly weapon enhancement and the court erred by failing to award him additional actual custody credits. The Attorney General agrees with both arguments. We again reverse and remand for resentencing.

FACTS

The facts are taken from our prior nonpublished opinion, *People v. Tellez* (May 2, 2022, G059713) (*Tellez*).

"Tellez noticed a homeless woman outside a restaurant in Orange. He offered to let her take a shower in his nearby motel room, and she accepted. After showering and getting dressed, the woman exited the bathroom to find Tellez lying on the bed wearing only a T shirt and boxer shorts. When she indicated she wanted to leave, Tellez became angry and stood by the door, impeding her ability to get out of the motel room. While she was sitting on the bed's edge, Tellez walked up behind her and hit her in the back of the head with a metal flashlight. Everything went blurry for a second, but she managed to stand up. Tellez grabbed her in a bear hug, trying to get her back on the bed. He picked up a three-inch knife. After a brief struggle, the woman managed to escape, ran down the street, and called the police. When the paramedics were treating her, she realized she had been stabbed in the stomach."

A jury convicted Tellez of the following: assault with the intent to commit a sexual offense (Pen. Code, § 220, subd. (a)(1);[1] count 1); assault with a deadly weapon (§ 245, subd. (a)(1); count 2); and felony false imprisonment (§§ 236, 237, subd. (a); count 3). As to counts 1 and 3, the jury found true Tellez used a deadly weapon. (§§ 12022.3, subd. (a), 12022, subd. (b)(1).)

---

[1] All further statutory references are to the Penal Code.

2

The trial court sentenced Tellez to 16 years in prison—the upper term of six years on count 1 and the upper term of 10 years on the deadly weapon enhancement. The court imposed and stayed terms on counts 2 and 3. (§ 654.) On appeal, this court reversed the sentence and remanded the matter for resentencing under Senate Bill No. 567 (2021-2022 Reg. Sess.) and all applicable newly enacted ameliorative legislation. (*Tellez, supra,* G059713.) We stated the prosecution could elect to prove aggravating factors or accept resentencing on the existing record. (*Ibid.*)

On remand, the prosecutor elected to accept resentencing on the existing record. After noting it had read our opinion in *Tellez, supra,* G059713, the trial court stated existing law did not require the prosecution to prove an additional aggravating factor. The court added our opinion addressed only the sentence on count 1 and not the enhancement. Tellez's trial counsel said that although the jury found true the weapon enhancement, the aggravating factors were not submitted to the jury.

The court sentenced Tellez to 14 years in prison—the middle term of four years on count 1 and the upper term of 10 years on the deadly weapon enhancement. In imposing the upper term on the enhancement, the court reasoned Tellez had used two weapons—a flashlight to hit the victim on the head, and a knife to stab her in the stomach. The court imposed and stayed terms on counts 2 and 3. (§ 654.)

DISCUSSION

*I. Upper Term*

Tellez argues the trial court erred by imposing the upper term on the deadly weapon enhancement. The Attorney General agrees. We accept the concession.

Section 1170.1, subdivision (d), provides in relevant part as follows: "(1) When the court imposes a sentence for a felony pursuant to [s]ection 1170 or subdivision (b) of [s]ection 1168, the court shall also impose, in addition and consecutive to the offense of which the person has been convicted, the additional terms provided for any applicable enhancements. If an enhancement is punishable by one of three terms, the

3

court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Here, in imposing the upper term on the deadly weapon enhancement as to count 1, the trial court relied on the following two facts: (1) Tellez used a flashlight to hit the victim on the head; and (2) he used a knife to stab the victim in the stomach. However, the record before us does not establish the jury found beyond a reasonable doubt Tellez used each weapon. Although the information alleged Tellez used both weapons when charging the enhancements as to counts 1 and 3, the verdict forms establish the jury found true he used a deadly weapon but neither form specifies the weapon used. In other words, the verdict forms are silent on this point. Thus, it is unclear whether the jury found Tellez used a flashlight for one weapon enhancement and a knife for the other, used the same weapon for both enhancements, or used both weapons for both enhancements.

Because the jury only necessarily found a minimum of one weapon true beyond a reasonable doubt, the trial court could only rely on one weapon in exercising its sentencing discretion. Thus, the court erred by relying on the premise that Tellez used two weapons as support to impose the upper term of 10 years on the deadly weapon enhancement because Tellez did not stipulate to that and the record does not demonstrate the jury found that true. In the absence of the jury finding or admission required under section 1170.1, subdivision (d)(1), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, Ch. 731, § 2), we therefore reverse the court's imposition of the upper term on the deadly weapon enhancement.

4

*II.  Actual Credits*

Tellez contends the trial court erred by not awarding him actual credits from the time served from the date of sentencing to the date of resentencing.  The Attorney General again agrees.

In *People v. Buckhalter* (2001) 26 Cal.4th 20, 23, our Supreme Court held, "When, as here, an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.'  [Citation.]"  Therefore, we agree with the parties that the trial court erred when it failed to recalculate Tellez's actual time credits between the date of his original sentencing hearing and his resentencing hearing.  Because we again reverse and remand for resentencing, Tellez is entitled to actual credits from the time of sentencing to when the court resentences him for the second time.

DISPOSITION

The judgment is reversed and the matter is remanded for the trial court to resentence Tellez.  The court is ordered to recalculate Tellez's actual custody credits.


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


DELANEY, J.

5